**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Sonia J. Shoup, | ) | |
| | ) | CV-16-573-TUC-DCB |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **FINAL ORDER** |
| | ) | |
| | ) | |
| | ) | |
| Tucson Unified School District, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on Defendant's Motion to Dismiss based on the doctrine of res judicata. The parties conducted oral argument before the Court on August 2, 2017 and the Court took the matter under advisement. The Court now rules.

**SUMMARY**

It is not contested that Plaintiff is a person with a disability, a condition that required accommodation to perform the essential functions of the position. Nor is it disputed that during Plaintiff's 17 years of employment as an RN with Defendant TUSD that she has filed two separate charges of discrimination. The 2010 Charge of Discrimination is the subject matter of the instant action.

Defendant argues, in the Motion to Dismiss (Doc.11), that the voluntary dismissal with prejudice of the first federal action requires dismissal of this action based on res judicata. Plaintiff argues that there is no factual nexus between Plaintiff's June 2010 Charge of Discrimination (EEOC No. 35A2010-00560C) and her August 2012 Charge of Discrimination (EEOC No. 35A-2012-000490C). The Complaint (Doc. 1) alleges employment discrimination based on disability, 29 U.S.C. §791, denial of reasonable accommodation, hostile work environment.

## BACKGROUND

While employed with the Defendant as a Registered Nurse (RN), Plaintiff filed a Charge of Employment Discrimination simultaneously with the Civil Rights Division of the Arizona Attorney General's Office (ACRD) and the United States Equal Employment Opportunity Commission (EEOC); this Charge was filed in June of 2010. CRD No. T10-0769; EEOC No. 35A-2010-00560C. During the 2008-09 school year Plaintiff was assigned to three schools, Bloom, Cragin and Sewell. During the 2008-09 school year Plaintiff requested reasonable accommodation that was recognized as needed, appropriate and required. Starting in February 2009 accommodation was provided at Bloom and Swell and denied at Cragin. On or about June 3, 2010 Plaintiff was disciplined for alleged unprofessional conduct. This discipline resulted in a five day suspension without pay. The alleged

conduct did not occur as alleged, was premised on Plaintiff's disability and retaliation for having engaged in protected conduct. On or about June 16, 2010 Plaintiff was removed from Bloom without cause and told all approved accommodations were rescinded. During the period covered by the aforementioned Charge of Discrimination Plaintiff repeatedly reported discrimination and her need for accommodation. After Plaintiff identified herself to the Defendant as an individual with a disability, requested reasonable accommodation and filed a Charge of Discrimination with the ACRD and EEOC, she was subjected to adverse employment actions by the Defendant, including denial of reasonable accommodation and discipline. After investigation of the June 2010 Charge of Discrimination by the ACRD, a "reasonable cause" determination issued on May 27, 2011 that found violations of law due to the conduct and actions of the Defendant. The EEOC has issued Plaintiff a Notice of Right to Sue for Charge No. 35A-2010-00560C which was received on May 31, 2016. (Complaint at 2-3.) This action was filed in federal court on August 24, 2016.

For the 2010 Charge of Discrimination, the EEOC issued to Plaintiff a Notice of Right to Sue for Charge No. 35A- 2010-00560C on May 31, 2016. Plaintiff filed the 2010 Charge of Discrimination action in federal court on August 24, 2016. (CV-16-573-TUC-DCB.) This is the federal action pending before this Court.

For the 2012 Charge of Discrimination, the EEOC issued to Plaintiff a Notice of Right to sue for Charge No. 35A-2012-000490C on October 23, 2013. Plaintiff filed an action in federal court on the 2012 Charge of Discrimination on January 22, 2014. The 2012 Charge of Discrimination action was voluntarily dismissed without prejudice on July 31, 2015. (CV-14-778-TUC-JAS.)

**STANDARD OF REVIEW**

A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 813 (9th Cir.1994) (citing *Buckey v. Los Angeles,* 957 F.2d 652, 654 (9th Cir.1992)). "The federal rules require only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248 (9th Cir.1997) (quoting Fed.R.Civ.P. 8(a)). Indeed, though " 'it may appear on the face of the pleadings that a recovery is very remote and unlikely [,] ... that is not the test.' " *Gilligan,* 108 F.3d at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). " 'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Id.*

When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the

4

light most favorable to the non-moving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2 (1977). In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994), *cert. denied,* 515 U.S. 1173 (1995) (citations omitted).

## DISCUSSION

The 2010 Charge of Discrimination involved the following contested factual allegations: During the 2008-09 school year Plaintiff was assigned to three schools, Bloom, Cragin and Sewell. During the 2008-09 school year Plaintiff requested reasonable accommodation that was recognized as needed, appropriate and required. Starting in February 2009 accommodation was provided at Bloom and Swell and denied at Cragin. On or about June 3, 2010 Plaintiff was disciplined for alleged unprofessional conduct. This discipline resulted in a five day suspension without pay. The alleged conduct did not occur as alleged, was premised on Plaintiff's disability and retaliation for having engaged in protected conduct. On or about June 16, 2010 Plaintiff was removed from Bloom without cause and told all approved accommodations were rescinded. During the period covered by the aforementioned Charge of Discrimination Plaintiff repeatedly reported discrimination and her need for

accommodation.  In her 2010 Charge of Discrimination federal action, Plaintiff filed charges of employment discrimination (disability and denial of accommodation), hostile work environment and retaliation.

    The August 2012 Charge of Discrimination involved the following contested factual allegations: During the 2011-12 school year Plaintiff was assigned to three schools, Banks, Naylor and Sewell. During the 2011-12 school year Plaintiff was denied needed staff support at Naylor and subjected to repeated acts of abusive conduct by a male subordinate at Banks that was reported. No appropriate remedial measure was provided.  For the 2011-12 school year Plaintiff was provided a performance evaluation that was not accurate and critical of the Plaintiff's performance.  During the 2012-13 school year Plaintiff was assigned to three schools, Banks, Naylor and Sewell.  During the 2012-13 school year Plaintiff was again subjected to abusive conduct by a male subordinate at Banks that was reported and no appropriate remedial measure was provided.  During the 2012-13 school year Plaintiff received discipline in the form of a letter of direction on or about August 6, 2012, that was based upon inaccurate information and administered without prior notice or any opportunity to respond.  During the 2012-13 school year Plaintiff's employment with the Defendant was involuntarily terminated. In the 2012 Charge of Discrimination federal action, she charged Defendant with employment discrimination based on disability

and gender, denial of reasonable accommodation, hostile work environment and retaliation. This federal court action is dismissed with prejudice and closed.

The doctrine of res judicata bars all claims that were or could have been asserted in a prior action between the parties. *See, e.g., International Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993); *Sidney v. Zah*, 718 F.2d 1453, 1458 (9th Cir. 1983). The principle is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction." *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata vindicates public as well as private interests. The doctrine spares the parties the burden of re-litigating identical issues, and vindicates their legitimate interests in repose. The doctrine also serves the public interests in avoiding inconsistent results and preserving judicial economy. *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 330 (9th Cir. 1995).

Defendant argues that the parties are identical, the first action resulted in a judgment on the merits, and the claims are identical. Plaintiff responds that the events and parties that were the basis for the first action are different from the events and parties in the current action. Defendant's response is that Plaintiff could have asserted the current claims in the first suit

or otherwise preserved this action, but did not. Plaintiff argues that there is no factual nexus between Plaintiff's June 2010 Charge of Discrimination and her August 2012 Charge of Discrimination. Plaintiff's second administrative charge of discrimination, the August 30, 2012 submission, did not occur until more than a year after the Civil Rights Division had completed the state investigation and issued the reasonable cause determination. (Doc. 17, Ex.4.)

The parties (Plaintiff, TUSD) are identical. *Owens v. Kaiser Found'n Health Workers*, 634 F.2d 453,457 (9th Cir. 1980). The first action that was voluntarily dismissed with prejudice unequivocally resulted in a judgment on the merits. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

The courts (including the Ninth Circuit and this Court) have refined the "transactional nucleus" issue in the context of employment disputes such as this one. The courts recognize that an employment relationship essentially constitutes one "transactional nucleus" of facts for the purposes of res judicata. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (claims arising from employment relationship "relate to the same set of facts."); *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (res judicata bars hostile work environment claim that could have been raised in prior discrimination suit).

Defendant asserts that all of Plaintiff's claims in both of her

8

suits undeniably arise directly and solely from her employment relationship with the Defendant. All of her claims arise out of her same job with the Defendant (school nurse). All of her claims allege that the Defendant supposedly violated the statutory prohibitions against discrimination in the terms and conditions of her employment relationship with the Defendant. Both suits expressly assert that the Defendant failed to accommodate Plaintiff, that the Defendant discriminated against her on the basis of a disability, that the Defendant unlawfully subjected her to a hostile work environment, and that the Defendant unlawfully retaliated against her. Because all of Plaintiff's claims arise from her employment relationship and her same job, the precedents in the Ninth Circuit of Appeals compel the conclusion that for the purposes of res judicata analysis all such claims arise from the same "transactional nucleus of facts," and this present an "identity of claims." *Mpoyo*, 430 F.3d at 987.

In assessing whether two suits present a common nucleus the Court also may consider the extent to which they "could be conveniently tried together." *Western Systems, Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)(*citing Restatement (Second) Judgments* § 24(2)). Plaintiff's suits plainly form a convenient trial unit. Discovery in both suits would involve her personnel records and other documents likely stored in the same Defendant office and/or database. Discovery and trial would implicate the knowledge and conduct of the

same school officials and witnesses: the teachers, principals, and others who worked with her during the relevant times and who made key decisions regarding her employment and accommodations. In other words, "the witnesses or proofs in the second action would tend to overlap the witnesses or proofs relevant to the first." *Restatement (Second) Judgment* § 24 cmt. b. The prosecution of this suit impairs the Defendant's legitimate right to and interest in finality: its right to be free from the threat of "piecemeal litigation" involving matters that supposedly occurred many years ago. *See Int'l Union of Operating Engineers-Employers Const.*, 994 F.2d at 1431 (9th Cir. 1993) ("Because the audit claim ... could have been brought in the prior actions, district court properly avoided piecemeal litigation by invoking the doctrine of res judicata.").

The Ninth Circuit has made clear "Title VII claims are not exempt from the doctrine of res judicata where plaintiffs have neither sought a stay from the district court for the purpose of pursuing Title VII administrative remedies nor attempted to amend their complaint to include their Title VII claims." *Lenk v. Monolithic Power, 2017 WL 1832198, *1 (slip) (N.D. Cal. 2017) (citing Owens*, 244 F.3d at 710). A district court retains broad discretion to control its docket and may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with

it, or to consolidate both actions. *Lenk* at *2. "To determine whether a suit is duplicative, the Ninth Circuit borrows from the test for claim preclusion." *Id.* "The Court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. The first question entails a further four-prong transaction test that asks: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id.* (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

Reliance on *Garity v. APWU*, 828 F.3d 848 (9th Cir. 2016), is misplaced in this situation. *Lenk* at *3. Because the Ninth Circuit held "that a prima facie disability discrimination claim against a union does not require that a plaintiff demonstrate that the union breached its duty of fair representation," it found that Garity's claims in his second case were not barred by issue preclusion. *Id.* Given the facts and procedural posture of *Garity*, it is inapposite from the case at bar. *Id.*

Further, the application of res judicata here would not defeat justice, in that Plaintiff had remedies to avoid the application of

11

res judicata, such as seeking a stay or requesting an earlier EEOC ruling. *Ross v. International Brotherhood of Electrical Workers*, 634 F.2d 453 (9th Cir. 1980); *Moitie v. Federated Department Stores, Inc.*, 611 F.2d 1267 (9th Cir. 1980). 1  The Court finds that justice is not defeated here because of the availability of other remedies.

None of the parties assert that the first settlement contemplated the other pending action in any fashion. In fact, during oral argument, both parties confirmed that the first action was dismissed voluntarily by Plaintiff with no collateral agreement or consideration of the second pending, at that time, administrative ACRD matter.

To this point, Plaintiff argues that she could not have pursued a remedy in federal court based on the unavailability of the ACRD right to sue letter, not issued until May 2016. Again, the law in the Ninth Circuit Court of Appeals firmly supports the Defendant's contrary position in this instance.  *Owens*, 244 F.3d at 715; *Gilbert v. Maricopa County Superior Court Dep't of Juvenile Probation*, 2011 Westlaw 251463 *2 (D. Ariz. 2011); *Gilbert v. Maricopa County*, 2010 Westlaw 2712225 *3 (D. Ariz. 2010).

In sum, the first action was dismissed with prejudice, a ruling on the merits, and included parties identical to the second action,

---

1 The parties did not directly address whether the application of res judicata here would defeat justice, but it has been considered by the Court.

particularly the employer Defendant TUSD.  Plaintiff did not preserve the second action, by stay or agreement or consent to proceed from the EEOC.  The lawsuits were not simultaneous and issue preclusion does not apply. In this instance, the law clearly requires a finding of res judicata and a dismissal of this action, as such.

Accordingly,

**IT IS ORDERED** that the Defendant's Motion to Dismiss (Doc. 11) is **GRANTED** and this action is **DISMISSED**.  All parties are to bear their own attorney fees and costs.  This action is closed.  The Clerk's Office should enter a Final Judgment that conforms with this Order.

Dated this 10th day of August, 2017.

_____
Honorable David C. Bury
United States District Judge